

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2003

# USA v. Weingold

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Weingold" (2003). *2003 Decisions.* Paper 350.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/350

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4487
_____


UNITED STATES OF AMERICA

vs.

HAROLD WEINGOLD,

Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Criminal No. 98-cr-00483-1)
District Judge:  The Honorable Nicholas H. Politan

_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2003


BEFORE: SCIRICA, Chief Judge, SLOVITER, and NYGAARD, Circuit Judges.



(Filed          July 23, 2003                    )

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Harold P. Weingold, was convicted of mail fraud, tax evasion, perjury, and subscribing to a false tax return, and sentenced to a total of 63 months in prison. On appeal Weingold alleges that the government's *Brady* violation, upon which the District Court dismissed several counts of the indictment, also entitles him to dismissal of the remaining mail fraud counts. Second, Weingold alleges that the District Court erred by admitting communications between him and his attorneys into evidence under the crime-fraud exception to attorney-client privilege. Third, he argues that the District Court erred by denying him access to Grand Jury transcripts. Fourth, he asserts that he is entitled to a new trial on the basis of cumulative errors. Finally, he alleges an *Apprendi* violation because the District Court did not submit all the sentencing factors to a jury for determination. Because we find that the District Court neither abused its discretion, nor erred in its legal conclusions, we will affirm.

I.

The parties to this case, counsel, and the District Court are all familiar with the facts and procedure of this case. As we are writing a non-precedential opinion and only for the parties herein, we will recite only such facts necessary to our holding. Through numerous entities, Weingold perpetrated several fraudulent direct mail schemes

in violation of 18 U.S.C. § 1341. Generally, the schemes involved mass market solicitation offering psychic predictions promising specific amounts of money; guaranteed lottery winning devices; entry into lottery pools; trinkets purported to be religiously or spiritually significant; and "final delivery notices," which suggested to individuals that they had ordered something and forgotten about it, and could receive their goods by paying a postage fee.

In addition, Weingold rented mailing lists of those individuals who had responded to his solicitations, but did not report this income on his tax return in violation of 26 U.S.C. §7201. The conviction for subscribing to a false tax return, violating 26 U.S.C. 7206(1), stemmed from Weingold's signing and filing a misstated corporate tax return for a company he owned. Weingold had deposited $400,000 with the company but failed to include it in the tax return. The perjury conviction was based on Weingold's false statements to the court in a preceding federal civil action in violation of 18 U.S.C. § 1623.

## II.

We address Weingold's issues seriatim:

### 1.

"There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or

inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). The issue is whether the government committed a *Brady* violation by not turning over information that a prosecution witness had pleaded *nolo contendere* to possession of marijuana. The Court found that the government violated the first and second part of *Brady* by failing to turn this information over to the defense. App. at 122. The Court then went on to consider whether favorable evidence was "material" and whether it impacted the defendant's ability to receive a fair trial. *Id*. at 123.

Based on the *Brady* violation, the Court dismissed eight counts of the superseding indictment related to perjury and subornation of perjury, because the witness was the sole witness for those charges and because the "evidence of her prior arrest, coupled with her initial denial of ever being accused of possessing marijuana, goes straight to her credibility, and thus right at the heart of the perjury charges." *Id*. at 124. Weingold moved to dismiss the remaining perjury count and mail fraud counts against him, and the Court denied the motion as to both. The District Court found that the Brady violation was not material to either count noting, "[t]here is more than sufficient evidence far away from that and, frankly, it doesn't go to the essence of the charges [of fraud and tax evasion]." *Id*. at 127.

Weingold argues that the District Court should have also dismissed the mail fraud counts as well. The only question here is whether the Brady violation was "material." "The evidence is material only if there is a reasonable probability that, had the

4

evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Here, the evidence was disclosed to Weingold during his trial, so the question is whether the delay prevented Weingold from effectively using the evidence in his defense, as it relates to the mail fraud charges. *See United States v. Walsh*, 75 F.3d 1, 8 (3d Cir. 1996). Weingold's codefendant used the evidence of prior conviction to impeach the witness in open court. Supp. App. at 616–17. In addition, Weingold had the opportunity, but chose to not cross examine the witness. *Id*. at 618. There is some question, therefore, whether *Brady* is even implicated here. *See e.g.*, *United States v. Juvenile Male*, 864 F.2d 641, 647 (9th Cir. 1988) ("No violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value."); *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984). Assuming *arguendo* that the first two prongs of *Brady* are met, we nevertheless agree with the District Court that there was no prejudicial effect as to the mail fraud counts. In light of the government's additional evidence of Weingold's guilt, there is no reasonable probability that earlier disclosure of the evidence in question would have resulted in a different outcome.

2.

Weingold employed counsel to review many of his fraudulent solicitations. Three opinion letters sent from Weingold's attorney, Michael Levine,[1] discussing the solicitations, were introduced into evidence under the crime-fraud exception to the attorney-client privilege. We read Weingold's argument concerning his attorneys to challenge the District Court's admission of these letters. The crime-fraud exception applies where legal advice "gives direction for the commission of future fraud or crime." *In re Grand Jury Subpoena*, 223 F.3d 213, 217 (3d Cir. 2000). To invoke the exception, the government must show that the client was committing or intending to commit a fraud or crime, and that the attorney-client communications were in furtherance of that alleged crime or fraud. *Id*. This "prima facie showing requires presentation of evidence which, if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met." *Id*. (internal citation omitted).

Weingold argues that Levine would have to have been a party to the scheme for the communications to have been in furtherance of the scheme. Contrary to Weingold's suggestion, the dismissal of charges against Levine does not change the analysis of the crime-fraud exception. "[W]hen the lawyer is consulted, not with respect to past wrongdoing but to future illegal activities, the privilege is no longer defensible and the crime-fraud exception comes into play." *In re Grand Jury Proceedings*, 604 F.2d 798, 802 (3d Cir. 1979). Moreover, "the privilege may be denied even if the lawyer is

---

1    Weingold's attorneys, Michael Levine and Richard Dembia, were included in the original indictment. All charges against Levine and Dembia were eventually dismissed.

6

altogether innocent." *Id.* Reviewing the record, we conclude that the District Court did not err by admitting the letters into evidence.

3.

Weingold's third claim is "the prosecutorial abuses that have occurred require disclosure of all grand jury transcripts." Weingold had moved the District Court for an order to review the transcripts of the grand jury proceedings. The District Court denied this motion. "To support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1988). We review a District Court's decision regarding the release of grand jury transcripts for abuse of discretion. *Id.* Weingold has not carried his burden of showing a particularized need for the grand jury transcripts, and the District Court did not abuse its discretion. As the District Court noted, Weingold's request for the grand jury transcripts was simply "a fishing expedition by the defendant." App. at 172.

4.

The District Court denied Weingold's Rule 33 motion for a new trial. App. at 171–72. Weingold argues that it is the cumulative effect of the errors in this trial that entitle him to a new trial. However, as we have discussed above, the District Court did not err. Neither did the Court abuse its discretion in denying Weingold's Rule 33 motion. Therefore, we also reject this argument.

5.

At the sentencing hearing, Weingold argued that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the amount of loss had to be presented to the jury for proof beyond a reasonable doubt. App. at 247–48. The District Court ruled that the amount of loss was proved beyond a reasonable doubt based on the totality of the evidence presented at trial. *Id*. at 259. *Apprendi* is not implicated in this case because the District Court did not sentence Weingold beyond the statutory range.

Weingold was convicted of ten counts of mail fraud, which were grouped together for sentencing, and four counts related to tax evasion and subscribing to a false return, which were grouped together. The statutory maximum for mail fraud is five years. 18 U.S.C. §1341. The maximum for perjury is also five years. 18 U.S.C. §1623. Tax evasion and subscribing to a false tax return each has a maximum sentence of three years. 26 U.S.C. §7206. Weingold's sentence of 63 months does not exceed the aggregate sentence available of the counts for which he was sentenced. *See United States v. Parmelee*, 319 F.3d 583, 593 (3d Cir. 2003).

III.

For the reasons stated above, we affirm the order of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard

_____

Circuit Judge

9